J-S17006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL FORD | |
| Appellant | No. 319 WDA 2015 |

Appeal from the PCRA Order December 3, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002612-1994

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED MARCH 1, 2016**

Appellant, Paul Ford, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which denied his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On September 21, 1994, a jury convicted Appellant of second-degree murder.  The court imposed a sentence of life imprisonment that day.  This Court affirmed the judgment of sentence on March 26, 1997, and our Supreme Court denied allowance of appeal on December 19, 1997.  ***See Commonwealth v. Ford***, 695 A.2d 436 (Pa.Super. 1997), *appeal denied*, 550 Pa. 699, 705 A.2d 1305 (1997).  Appellant timely filed his first PCRA petition on December 11, 1998.  The court appointed counsel, who filed amended petitions on July 5, 2000, and March 13, 2001.  Following PCRA

_____

*Former Justice specially assigned to the Superior Court.

hearings, the court denied relief on July 25, 2001. This Court affirmed the denial of PCRA relief on December 16, 2002, and our Supreme Court denied allowance of appeal on June 24, 2003. *See Commonwealth v. Ford*, 817 A.2d 1177 (Pa.Super. 2002), *appeal denied*, 573 Pa. 703, 827 A.2d 429 (2003). On February 24, 2014, Appellant filed the current, serial PCRA petition (his 4th). The court appointed counsel on March 3, 2014, who filed a *Turner*/*Finley*[1] no-merit letter and petition to withdraw on September 30, 2014. On November 3, 2014, the court issued appropriate notice per Pa.R.Crim.P. 907, to which Appellant did not respond. On December 3, 2014, the court denied PCRA relief. The court subsequently permitted counsel to withdraw. Appellant timely filed a notice of appeal on December 29, 2014.[2] On April 29, 2015, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one

---

[1] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] Appellant's notice of appeal is docketed January 12, 2015. Nevertheless, the notice of appeal is dated and postmarked, December 29, 2014; thus, it is timely. *See Commonwealth v. Chambers*, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

year of the date the underlying judgment becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review.  42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented.  **See** 42 Pa.C.S.A. § 9545(b)(1-2).  The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.  **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264 (2007).  Significantly, a claim based on inadmissible hearsay does not satisfy the "new facts" exception.  **Commonwealth v. Abu-Jamal**, 596 Pa. 219, 941 A.2d 1263 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008).

Instantly, Appellant's judgment of sentence became final on March 15, 1998, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court.  **See** U.S.Sup.Ct.R. 13.  Thus, Appellant's current petition is patently untimely.  **See** 42 Pa.C.S.A. § 9545(b)(1). Nevertheless, Appellant attempts to invoke the "new facts" exception at Section 9545(b)(1)(ii), claiming he recently learned of two newspaper articles (published in September 2007), which allegedly state that the

Commonwealth's key witness in his case was a confidential informant; and the Commonwealth withheld this information at trial. Appellant maintains he obtained these articles in late December 2013. Assuming without deciding that Appellant satisfied the 60-day rule, Appellant's claim is based on inadmissible hearsay that cannot satisfy the "new facts" exception.[3] **See Commonwealth v. Castro**, 625 Pa. 582, 93 A.3d 818 (2014) (explaining newspaper articles contain allegations which suggest evidence might exist, but are no more than allegations in any other out-of-court situation; thus, newspaper articles generally constitute inadmissible hearsay); **Abu-Jamal, supra**. Therefore, the PCRA court properly denied the petition. Accordingly, we affirm.

Order affirmed.

_____

[3] Moreover, the newspaper articles do not allege the Commonwealth's key witness in Appellant's case was a confidential informant. Rather, the articles merely discuss the recent death of Nicole Bennett, mention that she testified for the Commonwealth in Appellant's case, state that she was expected to testify for the prosecution in another unrelated case, and speculate that her death might be related to her anticipated testimony. Appellant also contends on appeal that the newspaper articles discuss Ms. Bennett's numerous aliases and criminal history, which Appellant was unaware of at the time of trial. Appellant did not lodge these complaints in his PCRA petition, so they are waived. **See Commonwealth v. Lauro**, 819 A.2d 100 (Pa.Super. 2003), *appeal denied*, 574 Pa. 752, 830 A.2d 975 (2003) (stating issues not raised in PCRA petition are waived on appeal). Appellant has abandoned on appeal other claims he raised in his PCRA petition, so we will not give those claims any attention.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/1/2016